**Order Filed on April 3, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In Re: | Case No.: | 24-10464 |
|---|---|---|
| **MICHAELA C. HAYES,** | Chapter: | 7 |
| | Judge: | John K. Sherwood |
| Debtor. | Hearing Date: | March 26, 2024 |

**ORDER RE: MOTION TO DISMISS OR TRANSFER CASE TO THE
BANKRUPTCY COURT IN THE EASTERN DISTRICT OF PENNSYLVANIA**

The relief set forth on the following pages, numbered two (2) to three (3), is hereby **ORDERED**.

**DATED: April 3, 2024**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor:         Michaela C. Hayes
Case No.:       24-10464
Caption of Order: **ORDER RE: MOTION TO DISMISS OR TRANSFER CASE TO THE BANKRUPTCY COURT IN THE EASTERN DISTRICT OF PENNSYLVANIA**

Michaela Hayes (the "Debtor") filed this chapter 7 bankruptcy case on January 18, 2024. Creditor ING Properties (the "Movant") filed a Motion to Dismiss or Transfer Case to the Bankruptcy Court of the Eastern District of Pennsylvania on February 26, 2024. [ECF No. 17]. The Debtor is the principal and 100% member of an entity known as LYM Development, LLC ("LYM"). On May 17, 2023 the Debtor filed a chapter 11 bankruptcy petition on behalf of LYM in the Eastern District of Pennsylvania, where the Movant alleges that the Debtor committed fraud and misappropriation. [Bankr. E.D. Pa. Case No. 23-11435, ECF No. 1].

Under 28 U.S.C. § 1408, venue is proper in the district where (1) the person's domicile, residence, principal place of business or principal assets have been located for 180 days preceding the filing, or (2) a title 11 case "concerning a person's affiliate, general partner, or partnership" is pending. A person's "affiliate" is defined as a corporation, 20% or more of whose "outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote," by the Debtor. 11 U.S.C. § 101(2)(B). The Debtor is 100% equity holder and "Authorized Officer" of LYM who "advise[s] the Company in carrying out its duties under the Bankruptcy Code, and [takes] any and all actions to advance the Company's rights and obligations." [Bankr. E.D. Pa. Case No. 23-11435, ECF No. 1, pp. 6, 54]. The Debtor owns and controls LYM; therefore, venue for her individual chapter 7 is proper in the Bankruptcy Court of the Eastern District of Pennsylvania, where her affiliate's bankruptcy case is pending.

This Court may transfer a title 11 case or proceeding to another district court "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. In situations where petitions of a debtor and an affiliate are filed in different districts, Fed. R. of Bankr. P. 1014(b)(4) states that,

Page 3
Debtor:          Michaela C. Hayes
Case No.:        24-10464
Caption of Order: **ORDER RE: MOTION TO DISMISS OR TRANSFER CASE TO THE BANKRUPTCY COURT IN THE EASTERN DISTRICT OF PENNSYLVANIA**

in the interest of justice or for the convenience of the parties, the district of the first-filed petition may determine the district in which other cases should proceed. Because the Debtor first filed LYM's bankruptcy case in the Eastern District of Pennsylvania, and because venue there is proper for the Debtor individually, her chapter 7 case should be transferred for the convenience of the parties and in the interest of justice.

**UPON** consideration of the Movant's Motion to Dismiss or Transfer Case and for the reasons set forth above, it hereby **ORDERED** that:

1. The Debtor's bankruptcy case is transferred to the United States Bankruptcy Court for the Eastern District of Pennsylvania.

2. The Court makes no decision on Movant's Motion to Dismiss for Bad Faith. To the extent the Movant wants to pursue this relief, it may do so in the Bankruptcy Court for the Eastern District of Pennsylvania